1   ROBERT A. DOLINKO (State Bar No. 076256)
    rdolinko@nixonpeabody.com
2   RICHARD E. BROMLEY (State Bar No. 156260)
    rbromley@nixonpeabody.com
3   NIXON PEABODY LLP
    One Embarcadero; Suite 1800
4   San Francisco, CA 94111
    Telephone:  (415) 984-8200
5   Facsimile:   (415) 984-8300
6
    Attorneys for Defendants
7   HERTZ LOCAL EDITION CORPORATION
    and THE HERTZ CORPORATION
8
9   BRIAN D. CHASE (State Bar No. 164109)
    bchase@bisnarchase.com
10  JERUSALEM F. BELIGAN (State Bar No. 211258)
    jbeligan@bisnarchase.com
11  BISNAR|CHASE LLP
    1301 Dove Street, Suite 120
12  Newport Beach, California 92660      NOTE: Change made to document
13  Telephone:  (949) 752-2999
    Facsimile:  (949) 752-2777
14
15  Attorneys for Plaintiff and Proposed Classes
16
17                  UNITED STATES DISTRICT COURT

                  CENTRAL DISTRICT OF CALIFORNIA
18
19  JOSEPH DINH, on behalf of himself,      Case No.:  SACV13-1341 JLS (VBKx)
    all others similarly situated, and the
20  general public,                         [PROPOSED] PROTECTIVE ORDER
21            Plaintiffs,
22                                          DISCOVERY MATTER
23        v.
24  HERTZ LOCAL EDITION CORP.,              Parties' Signed Stipulation Filed
25  HERTZ LOCAL EDITION                     Concurrently
    TRANSPORTATION, INC.; THE
26  HERTZ CORPORATION; and DOES
    1 to 100, inclusive,
27
28            Defendants

                                    -1-
                          [PROPOSED] PROTECTIVE ORDER

1   The Parties to the above-captioned action contemplate the disclosure of
2   confidential, private, and/or sensitive information and have submitted to the Court a
3   stipulated agreement regarding the procedures for confidential information.
4   Therefore, the Court orders as follows:

5   1.   "Confidential Information" is any testimony, writing (as defined in
6   Federal Rule of Evidence 1001), or other evidence which is protected from
7   disclosure by privacy rights under the United States or California Constitutions, is
8   proprietary, is business- or competition-sensitive, is a trade secret [as defined in Cal.
9   Civ. Code § 3426.1(d)], is or may be privileged, or is Protected Health Information
10  [as defined in regulations pursuant to the Health Insurance Portability and
11  Accountability Act, 45 C.F.R. § 160.103 (2007)] or is the personal information of a
12  third party (e.g., a Hertz customer).

13  2.   "Confidential Information" will not be used for any purpose other than
14  the bona fide prosecution or defense of this action.

15  3.   Any party or nonparty disclosing or offering evidence in this action
16  may designate such evidence as "Confidential Information," provided that such
17  designation is in good faith.  Any evidence already in the public domain will not be
18  designated as "Confidential Information," unless such evidence entered the public
19  domain through a wrongful act, including a violation of this Protective Order.
20  "Confidential Information" will be so designated as follows:

21  (a)  Each page of a writing containing "Confidential Information" will be
22  marked with the legend, "CONFIDENTIAL," when first produced, served, or
23
24  otherwise disclosed.

25  (b)  When it is not practical to affix the legend to individual pages, as may
26  be the case with electronic media, original business records, deposition transcripts,
27  or voluminous records, designation will be made as soon as practicable by an

28

[PROPOSED] PROTECTIVE ORDER

alternate means reasonably calculated to afford notice of the confidentiality of the evidence, such as by letter or by label on an electronic medium.

(c)  Deposition testimony (by page and line numbers) may be designated as "Confidential Information" after receipt and review of the transcript of the deposition, but no later than the deadline for review and correction of the transcript. If any party intends to offer in evidence deposition testimony in proceeding conducted in this action prior to the foregoing deadline for designating testimony as "Confidential Information," that party will give prompt notice to the opposing party. The opposing party will have 48 hours thereafter to designate as "Confidential Information" the deposition testimony subject to the notice.

(d)  Any party disputing a designation or non-designation of "Confidential Information" will do so reasonably and in good faith, and will give written notice to the opposing party and any nonparty producing the evidence.  Any party or nonparty to whom such notice is given will have ten (10) days to respond in writing.  If the party or nonparty to whom such notice is given does not modify his, her, or its position regarding designation or non-designation, the party designating information as confidential shall file a noticed motion for an order treating the information or document as "Confidential Information."  Until entry of an order by the Court upon noticed motion, the information or documents shall remain "Confidential Information."  A failure timely to respond in writing will be deemed acquiescence in the position of the party giving notice.

(e)  Inadvertent production or disclosure of "Confidential Information" without the appropriate legend may be cured by notice as soon as practicable and

furnishing substitute evidence appropriately marked.  "Confidential Information" without the appropriate legend will be returned to the party or nonparty disclosing same promptly after receipt of the substitute evidence.  Inadvertent disclosure of "Confidential Information," or other evidence subject to nondisclosure rights such as a privilege or work product claim, will not be deemed a waiver of confidentiality or nondisclosure rights, if notice of the inadvertent disclosure is made promptly after discovery of the inadvertent disclosure and the party relying on the prior disclosure will not be unfairly prejudiced.

      4.     "Confidential Information" may be disclosed only to the following persons, and only after such persons agree to be personally bound by this Protective Order:

      (a)  Parties and their counsel of record (including staff assisting counsel of record in the prosecution or defense of this action);

      (b)  Experts, consultants, investigators, litigation support providers, and other agents and vendors retained by a party or counsel of record to assist in the prosecution or defense of this action;

      (c)  Any person from whom testimony is taken or is expected to be taken in this action, except that such person may only be shown "Confidential Information" to the extent necessary for the preparation or presentation of such testimony; and

      (d)  Court personnel and court reporters (including videographers).

      5.     "Confidential Information" will not be copied, except as reasonably necessary for the prosecution or defense of this action.  All persons to whom

"Confidential Information" is disclosed will handle and maintain such "Confidential Information" in a manner reasonably calculated to preserve its confidentiality.

6.     Any pleadings, exhibits or filings which contain "Confidential Information," or testimony designated as "Confidential Information" in good faith shall be filed by the party contending that the information or document contains "Confidential Information."  The Parties shall meet and confer prior to the filing of the pleading to determine which document designated as "Confidential Information" will be used as an exhibit to the pleading.  The producing party shall then prepare the motion and file the "Confidential Information" under seal with the Court in a sealed envelope on which shall be written the following statement: "Confidential Information Under Seal."  To the extent feasible, only the pages or exhibits or portions thereof containing "Confidential Information" should be filed under seal and a party desiring to file "Confidential Information" shall comply with the applicable Local Rules of Court (pertaining to filing papers under seal).

7.     If at any time during this litigation a party ("Objecting Party") reasonably and in good faith disputes a designation of "Confidential Information," the Objecting Party shall notify the Designating Party in writing by facsimile or email of such dispute.  The Objecting Party's notice shall identify the materials in dispute and shall explain the basis for disputing the designation.  The Designating Party shall have seven (7) calendar days to provide a written response by facsimile or email to the notice, explaining the Designating Party's reason for designating the material at issue as Confidential Materials.  Should the Objecting Party dispute such reasons, the Designating Party shall move the Court for an order designating the material as "Confidential Information" within a reasonable time after the Objecting Party has provided a written response disputing the confidential nature of the document.  The Designating Party shall have the burden of demonstrating the

material designated is entitled to confidentiality or protection from disclosure under California or other applicable law.

8.     Notwithstanding any other provision hereof, the material contained in an e-mailbox may be designated as "Confidential Information" and if the non-producing party believes certain contents of that e-mailbox should not be deemed "Confidential Information," that party may move the Court for an order removing the Confidential designation.  The parties shall meet and confer in advance of any such motion to attempt to resolve any such dispute.

9.     Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a)  The Party who claims that the material is Confidential Information withdraws such designation in writing; or

(b)  The Court rules the material is not "Confidential Information."

10.     Upon termination of this action, counsel of record will retrieve and return all "Confidential Information," including copies thereof, to the counsel of record for the party who produced such "Confidential Information."  Alternatively, copies of "Confidential Information" on which private or confidential notes or annotations have been made may be destroyed.  Where "Confidential Information" has been incorporated into writings, such writings may be retained by counsel of record upon the termination of this action, and then only so long as and to the extent that a right of nondisclosure is asserted.  "Confidential Information" retained by counsel of record after the termination of this action may not be copied or disclosed to any person.  "Confidential Information" produced by nonparties will be destroyed promptly upon the termination of this action.

11.     This Protective Order may be modified only by further order of the Court.

12.    Access to "Confidential Information" will be deemed consent to personal jurisdiction of the Court for purposes of enforcing this Protective Order and sanctioning any violation.  The Court will have continuing jurisdiction to enforce this Protective Order and sanction any violation of same by any person.  Notice of this Protective Order will be conclusively established by receipt of "Confidential Information" so marked in accordance with this Protective Order.

13.    This Protective Order does not determine whether any "Confidential Information" or other evidence is discoverable or admissible at trial or in any other proceeding for adjudication in this action.  The parties by their stipulation to this Protective Order do not address, assert, or waive (a) any discovery rights or obligations or (b) any rights to offer or object to evidence at trial or in any other proceeding for adjudication in this action.

14.    All notices, responses, and other communications authorized, required, or contemplated by this Protective Order may be served by electronic mail.

Par. 1: delete from "is protected" to "California Constitutions." Par. 6: parties will follow LR 79-5.

**IT IS SO ORDERED:**

Dated:  February 28, 2014        _____/s/_____

THE HONORABLE VICTOR B. KENTON
Magistrate Judge of the United States District Court